**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                    Plaintiff,<br><br>            v.<br><br>**ANY AND ALL FUNDS ON DEPOSIT IN ACCOUNT NUMBER 40187-22751518 AT HSBC BANK PLC, 55 CORPORATION STREET, COVENTRY, UNITED KINGDOM, HELD IN THE NAME OF JITTISOPA SIRIWAN, AND ANY PROPERTY TRACEABLE THERETO, et al.,**<br><br>                    Defendants.<br><br>**JITTISOPA SIRIWAN,**<br><br>                    Claimant. | Case No. 13-cv-00195 (CRC) |

**MEMORANDUM OPINION AND ORDER**

Jittisopa Siriwan, a Thai national, seeks to file a claim asserting an ownership interest in seven bank accounts that have been seized by the United States government.  The government contends that her claim should be stricken because she filed it six days after the deadline set forth in a notice sent to her Thai lawyer.  The Court disagrees.  Because the government also sent a notice to Siriwan directly, which created a deadline after Siriwan filed her claim, her claim is timely.  And even if the claim is untimely, the Court finds good cause to extend the deadline under the unique circumstances presented.

    **I.**    **Background**

The United States government seeks forfeiture of funds contained in seven bank accounts located in the United Kingdom, Singapore, and Switzerland.  Verified Compl. at 2–3.  The

complaint alleges that two U.S. citizens, Gerald and Patricia Green, bribed Juthamas Siriwan, the former Governor of the Tourism Authority of Thailand, in order to obtain contracts to manage the Bangkok International Film Festival and perform other services for the Thai government.  Id. ¶ 2.  The complaint claims that Siriwan transferred the proceeds of this bribery scheme to bank accounts held by her daughter, Jittisopa Siriwan, in violation of the Foreign Corrupt Practices Act of 1977 ("FCPA"), 15 U.S.C. §§ 78dd-1 et seq., U.S. money laundering prohibitions, 18 U.S.C. § 1956, and Thai anti-bribery statutes.  Verified Compl. ¶¶ 155–71.  The Greens have been found guilty of conspiracy and FCPA violations in relation to the scheme.  United States v. Green, No. 8-cr-59, Amended Judgment (C.D. Cal. Sep. 10, 2010).  The Siriwans have been indicted in the United States, but their case is delayed pending a possible indictment in Thailand.  United States v. Siriwan, No. 8-cr-81, Joint Status Report (C.D. Cal. Nov. 19, 2014).

      The government filed suit in this case, executed warrants *in rem* against the bank accounts, and moved to unseal the complaint in October 2013.  Order granting Mot. to Unseal Case, Oct. 21, 2013.  It then published a notice of this action on a Department of Justice internet site— www.forfeiture.gov—in accordance with Supplemental Rule for Admiralty and Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule") G(4)(a).  Status Report, Mar. 13, 2014.  The government delivered notices of the complaint to Jittisopa Siriwan's authorized attorney in Thailand on September 18, 2014 and to her last known address on September 26, 2014.  Declaration of Marie Dalton in Supp. of Mot. for Default ¶¶ 6–7 & Exs. B, C, Oct. 24, 2014.  Receipt of both notices was confirmed by affidavit of service.  Id.  These notices directed Siriwan to file a verified claim within thirty-five days of the receipt of notice.  Pl. Mot. to Strike at 5.  Having not received a claim by October 23, the deadline set forth in the notice sent to Thai counsel, the government moved for an entry of default.

According to both parties, Jittisopa Siriwan's U.S. counsel left a telephone message with counsel for the government on October 16, which the government returned the same day. Pl. Mot. to Strike at 7–8. Counsel for Siriwan then emailed the government on October 19, stating that he represented a Thai individual in connection with this case. Id. Counsel for both parties spoke by telephone on October 28, and when Siriwan's counsel learned the government would oppose any claim as untimely, Siriwan filed an unsigned claim that day. Verified Claim of Jittisopa Siriwan, Oct. 28, 2014. The next day, she submitted a motion to file a late claim, attaching a signed verified claim, Claimant Mot. to File Late Claim, Oct. 29, 2014. She then filed an answer to the government's complaint on November 12, 2014. The government has moved to strike Siriwan's claim and motion for leave to file late. It contends that Siriwan failed to file a verified claim within the time specified by Supplemental Rule G(5). Pl. Mot. to Strike at 3.

**II.     Analysis**

Claimants seeking to contest a civil asset forfeiture must comply with the procedural requirements of Supplemental Rule G. 18 U.S.C. § 983(a)(4)(A). Rule G(4)(b) requires the government to send notice of the action to any person who reasonably appears to be a potential claimant. The notice must state, among other things, "a deadline for filing a claim, at least 35 days after the notice is sent[.]" Supplemental Rule G(4)(b)(ii)(B). A person seeking to assert an interest in the property subject to forfeiture must submit a verified claim, meaning one that is "signed by the claimant under penalty of perjury." Id. G(5)(a)(i)(C). "Unless the court for good cause sets a different time," the person must file the verified claim "by the time stated in a direct notice[.]" Supplemental Rule G(5)(a)(ii)(A).

The government's notices to both Siriwan and her Thai counsel provided Siriwan 35 days from receipt of the notice to file a claim. Pl. Mot. to Strike at 5; Declaration of Marie Dalton in Supp. of Mot. for Default ¶¶ 6–7 & Exs. B, C, Oct. 24, 2014. Siriwan's attorney received his notice

first, on September 18, id. Ex. C, and thus Siriwan had until October 23 to submit her claim under that notice. Siriwan herself received the second notice on September 26, id. Ex. B, and therefore had until October 31 to file a claim under it.

Siriwan filed a verified claim on October 29,[1] between the two deadlines. Hence the question: If the government sends two notices with different deadline dates, which one triggers the deadline to respond? Neither party provides caselaw addressing this issue, and it appears to the Court to be a matter of first impression. Fortunately, the dilemma is readily resolved by examining the language of the applicable rule. Rule G(5)(a)(ii)(A) requires that the claim be filed "by the time stated in a direct notice sent under Rule G(4)(b)." Here, Siriwan did file her claim within the time stated in *a* direct notice, namely the later-received one. That Siriwan may have initially received actual notice from her lawyer or may not have relied on the later deadline is immaterial. Supplemental Rule G sets the time to file based on the date set forth in the government's notice, not on the date the claimant believes is operative. Siriwan's claim is therefore timely.

Even if the earlier deadline controlled, the Court finds there is good cause to extend Siriwan's deadline by six days. Courts apply Supplemental Rule G's procedural requirements with varying degrees of rigidity, with some requiring "strict compliance" and others interpreting the rules "liberally . . . to ensure that courts decide controversies on the merits." United States v. Funds from Prudential Sec., 300 F. Supp. 2d 99, 104–105 (D.D.C. 2004) (quotations omitted) (collecting cases) (applying current Rule G's predecessor). In general though, and as set forth in the rule itself, the court has discretion to "excuse some minor procedural failings so long as 'the underlying goals of' the Supplemental Rules 'are not frustrated.'" United States v. All Assets Held at Bank Julius

---

[1] The parties acknowledge that Siriwan's unsigned October 28 claim is not valid, but that her signed October 29 claim is. Claimant Opp'n at n.1; Pl. Reply at 2. Accordingly, the Court will grant the government's motion to strike Siriwan's initial claim and consider only the verified claim that accompanies her motion for leave to file late.

Baer & Co., Ltd., 664 F. Supp. 2d 97, 102 (D.D.C. 2009) (quoting Funds from Prudential Sec., 300 F. Supp. 2d at 104).  Factors to consider include

> "the time at which the claimant became aware of the seizure; whether the government encouraged the delay; the reasons proffered for the delay; whether the claimant has advised the [C]ourt and the government of [her] interest in the [d]efendant [p]roperty before the claim deadline; whether the government would be prejudiced by allowing the late filing; . . . and whether the claimant timely petitioned for an enlargement of time."

United States v. $83,686.00, 498 F. Supp. 2d 21, 24 (D.D.C. 2007) (quoting United States v. One 1990 Mercedes Benz 300CE, 926 F. Supp. 1, 4 (D.D.C. 1996)).

Application of these factors here weighs in favor of extending the deadline.  There is no evidence that Siriwan became aware of this case before she received the government's notices.  By sending two notices establishing different deadlines, the government has encouraged confusion.  Siriwan faced some difficulty in responding to the notice as she is a Thai citizen living in Thailand.  Mot. for Leave at 3, 6–7.  Siriwan's U.S. counsel advised the government before the deadline that he was retained to represent a Thai national regarding this case.  Pl. Mot. to Strike at 7–8.  And the government suffered no harm from the six-day delay because Siriwan timely filed her answer to the complaint, the next step in litigation after filing a verified claim.  See Supplemental Rule G(5)(b) (claimant must file an answer within 21 days after filing the claim).  Moreover, strict application of the deadline is not necessary here to prevent fraudulent claims as Siriwan, the named owner of the bank accounts at issue, "is undeniably an interested party who has at least a colorable claim to contest the *in rem* forfeiture action."  $83,686.00, at 498 F. Supp. 2d at 25.

### III.    Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that [Dkt. 14] Government's Motion for Entry of Default is DENIED.  It is further

**ORDERED** that [Dkt. 19] Claimant's Motion to File Late Claim is DENIED as moot. It is further

**ORDERED** that [Dkt. 22] Government's Motion to Strike is GRANTED as to Claimant's first verified claim and DENIED as to Claimant's second verified claim. And it is further

**ORDERED** that [Dkt. 17] Claimant's first Verified Claim is STRICKEN. The Court treats Claimant's second Verified Claim, attached to Claimant's Motion to File Late Claim, as a valid and timely verified claim.

**SO ORDERED.**

                                                                                          _____
                                                                                          CHRISTOPHER R. COOPER
                                                                                          United States District Judge

Date:   December 11, 2014